UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

F I L E D
NOV 0 2 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 CR 50052 |
| | ) | Violation: Title 18, United States |
| BETHANN R. GILROY | ) | Code, Section 1341 |

The UNITED STATES ATTORNEY charges:

1. At all times material to this information:

    a. Motorola, Inc. (hereinafter "Motorola") was a business with an office located at 2204 Galvin Drive, Elgin, Illinois.

    b. Defendant BETHANN R. GILROY was employed by Motorola as a member of the Inventory Repair Team. As a member of the Inventory Repair Team for Motorola, defendant's duties included ordering repair parts for computers and printers including inkjet cartridges as well as other Motorola products. Defendant was issued credit cards, including an American Express corporate credit card, to use to make purchases on behalf of Motorola. Upon making purchases on behalf of Motorola defendant submitted invoices, expense vouchers, and credit card statements to her supervisors for their review and approval.

    c. Ebay was an online platform which individuals used to trade and sell items on a local, national and international basis. Individuals accessed Ebay via Ebay's website on the internet using their personal computers.

2.     From at least December 1, 2003, and continuing to at least December 1, 2006, at Rockford and Elgin, in the Northern District of Illinois, and elsewhere,

BETHANN R. GILROY,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from Motorola, by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described in the following paragraphs.

3.     It was the object of this scheme that the defendant would and did defraud Motorola by obtaining at least $859,369.17 in property and funds of Motorola which she used for her own benefit without Motorola's knowledge or consent.

4.     It was a part of the scheme that, on numerous occasions, defendant, as a member of Motorola's Inventory Repair Team, ordered inkjet cartridges which were not required to meet any legitimate business needs of Motorola and directed that the inkjet cartridges be delivered to Motorola.

5.     It was further a part of the scheme that when defendant received the inkjet cartridges at Motorola she would either take possession of the cartridges and transport them to her residence in Rockford, Illinois or ship to them to her residence via commercial interstate carriers, including Federal Express ("FedEx") and United Parcel Service ("UPS").

6.     It was further a part of the scheme that when defendant obtained the inkjet cartridges she sold the cartridges on Ebay.

7.     It was further a part of the scheme that when individuals purchased the inkjet cartridges from defendant on Ebay, defendant shipped the cartridges to the individuals through the United States Postal Service, Fed Ex, or UPS.

8. It was further a part of the scheme that defendant sold some of the inkjet cartridges to a relative in the state of Wisconsin (hereinafter "defendant's relative"). Defendant shipped the inkjet cartridges directly from Motorola to defendant's relative's residence in Juneau, Wisconsin via Fed Ex or UPS. Defendant's relative sold the inkjet cartridges received from defendant on Ebay.

9. It was further a part of the scheme that defendant caused Motorola to pay $513,952.19 for inkjet cartridges that defendant sold for her own profit.

10. It was further a part of the scheme that defendant created vendor invoices and American Express credit card statements which contained non-existent charges. Defendant submitted the fraudulently created credit card statements and invoices to Motorola for reimbursement thereby causing Motorola to transfer at least $333,989.19 to which defendant was not entitled into defendant's bank account at First Federal Bank in Rockford.

11. It was further part of the scheme that defendant used $6,935.33 in Motorola's funds to purchase for her personal use a Dell laptop computer, two Dell desktop computers, two 19 inch flat screen LCD monitors and other computer accessories.

12. It was further a part of scheme that defendant took Bluetooth accessories valued at $4,492.46 from Motorola without Motorola's consent and sold the accessories on Ebay.

13. On or about May 3, 2006, at Rockford, in the Northern District of Illinois, Western Division,

BETHANN R. GILROY,

defendant herein, for the purpose of executing the aforementioned scheme to defraud, and to obtain property by means of materially false and fraudulent pretenses and representations, and attempting to do so, knowingly caused to be delivered by UPS, a commercial interstate carrier, according to the

direction thereon, a package addressed to an individual on West Street, in Juneau, Wisconsin, which package contained fraudulently obtained inkjet cartridges;

    In violation of Title 18, United States Code, Section 1341.

## FORFEITURE ALLEGATION

The UNITED STATES ATTORNEY further charges:

1. The allegations contained in this Information are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(D)(v) and Title 28, United States Code, Section 2461.

2. As a result of her violation of Title 18, United States Code, Section 1341, as alleged in the foregoing Information,

BETHANN R. GILROY,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(D)(v) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3. The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(D)(v) and Title 28, United States Code, Section 2461(c) include but are not limited to a 2004 Harley Davidson Sportster motorcycle bearing vehicle identification number 1HD1CGP104K31451.

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

    a) Cannot be located upon the exercise of due diligence;

    b) Has been transferred or sold to, or deposited with, a third party;

    c) Has been placed beyond the jurisdiction of the court;

      d)      Has been substantially diminished in value; or

      e)      Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(D)(v) and Title 28, United States Code, Section 2461(c).

_____
UNITED STATES ATTORNEY

No. 07 CR 50052

**UNITED STATES DISTRICT COURT**
for the
**NORTHERN DISTRICT OF ILLINOIS**
Western Division

UNITED STATES OF AMERICA

V

BETHANN GILROY

INFORMATION

Office of
UNITED STATES ATTORNEY
308 West State Street-Room 300
Rockford, Illinois  61101

815-987-4444