FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

NOV 16 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | No. 07 CR 50052 |
| vs. | ) | Judge Frederick J. Kapala |
| | ) | |
| BETHANN R. GILROY | ) | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant BETHANN R. GILROY, and her attorney, BRADLEY SCHRIEBER, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2. The information in this case charges defendant with mail fraud, in violation of Title 18, United States Code, Section 1341.

3. Defendant has read the charge against her contained in the information, and that charge has been fully explained to her by her attorney.

4. Defendant fully understands the nature and elements of the crime with which she has been charged.

### Charge to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the information. The information charges that for the purpose of executing and attempting to execute a scheme to defraud and obtain property by means of materially false and

fraudulent pretenses and representations, knowingly caused to be delivered by United Parcel Service ("UPS"), a commercial interstate carrier, according to the direction thereon, a package addressed to an individual on West Street in Juneau, Wisconsin which package contained fraudulently obtained inkjet cartridges. In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

6. Defendant will plead guilty because she is in fact guilty of the charge contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

    a. During the time period alleged in the information, Motorola, Inc. (hereinafter "Motorola") was a business with an office located at 2204 Galvin Drive, Elgin, Illinois and defendant was employed by Motorola as a member of the Inventory Repair Team. As a member of the Inventory Repair Team for Motorola, defendant's duties included ordering repair parts for computers and printers including inkjet cartridges as well as other Motorola products. Defendant was issued credit cards, including an American Express corporate credit card, to make purchases on behalf of Motorola. Upon making purchases on behalf of Motorola defendant submitted invoices, expense vouchers, and credit card statements to her supervisors for their review and approval.

        b.       From December 1, 2003, and continuing to at least December 1, 2006, defendant devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from Motorola, by means of materially false and fraudulent pretenses, representations, and promises. It was the object of this scheme that the defendant would and did defraud Motorola by obtaining at least $859,369.17 in property and funds of Motorola which she used for her own benefit without Motorola's knowledge or consent.

        c.       On numerous occasions, defendant, as a member of Motorola's Inventory Repair Team, ordered inkjet cartridges which were not required to meet any legitimate business needs of Motorola and directed that the inkjet cartridges be delivered to Motorola. When defendant received the inkjet cartridges at Motorola she would either take possession of the cartridges and transport them to her residence in Rockford, Illinois or ship to them to her residence via interstate carriers, including Federal Express ("FedEx") and United Parcel Service ("UPS"). When defendant obtained the inkjet cartridges she offered the cartridges for sale on Ebay, an online platform which is accessible to an individual via Ebay's website on the internet using a personal computer and which is used to trade and sell items on a local, national and international basis. After individuals purchased the inkjet cartridges from defendant on Ebay, defendant shipped the cartridges to the individuals through the United States Postal Service, Fed Ex, or UPS. Defendant sold some of the inkjet cartridges to a relative in the state of Wisconsin (hereinafter "defendant's relative"). Defendant shipped the inkjet cartridges directly from Motorola to defendant's relative's

residence on West Street in Juneau, Wisconsin via Fed Ex or UPS. Defendant's relative sold the inkjet cartridges received from defendant on Ebay as well. Defendant caused Motorola to pay $513,952.19 for inkjet cartridges that defendant sold for her own profit.

        d.      Defendant also used her position of trust at Motorola to fraudulently obtain funds from Motorola. Defendant created vendor invoices and American Express credit card statements which contained non-existent charges. Defendant submitted the fraudulently created credit card statements and invoices to her supervisors at Motorola. Because defendant was a trusted employee of Motorola, defendant's supervisors approved defendant's fraudulent reimbursement requests without closely examining the fraudulently created invoices and credit card statements submitted by defendant. Defendant's fraudulent reimbursement requests caused Motorola to transfer at least $333,989.19 into defendant's bank account at First Federal Bank in Rockford. Defendant utilized her position as a trusted employee of Motorola to perpetrate her scheme to defraud Motorola for approximately three years without detection.

        e.      In addition, defendant used $6,935.33 in Motorola's funds to purchase, for her personal use, a Dell laptop computer, two Dell desktop computers, two 19 inch flat screen LCD monitors and other computer accessories. Defendant also took Bluetooth accessories valued at $4,492.46 from Motorola without Motorola's consent and sold the accessories on Ebay.

## Maximum Statutory Penalties

7. Defendant understands that the charge to which she is pleading guilty carries the following statutory penalties:

    a. A maximum sentence of 20 years' imprisonment. This offense also carries a maximum fine of $250,000 or twice the gross gain or gross loss caused by the offense. Defendant further understands that the judge also may impose a term of supervised release of at least two years but not more than three years.

    b. Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

    c. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which she has pled guilty, in addition to any other penalty or restitution imposed.

## Sentencing Guidelines Calculations

8. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines**. The Sentencing Guidelines to be applied in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2006 Guideline Manual.

b. **Offense Level Calculations.**

i. The base offense level for the charge in the information is 7, pursuant to Guideline §2B1.1(a)(1).

ii. The base offense level is increased by 14 levels to level 21 pursuant to Guideline § 2B1.1(b)(1)(H), because loss resulting from the offense was more than $400,000.

iii. The offense level is increased by 2 levels to 23 pursuant to Guideline § 3B1.3, because defendant abused a position of private trust in a manner that significantly facilitated the commission and concealment of the offense.

iv. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for her actions within the meaning of Guideline §3E1.1(a), including by furnishing the U.S. Attorney's Office and the Probation Office with all requested financial information relevant to her ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

v.  In accord with Guideline §3E1.1(b), defendant has timely notified the government of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c.  **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d.  **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 20, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 33 to 41 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e.  Defendant and her attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or

additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw her plea on the basis of the Court's rejection of these calculations.

      f.    Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw her plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

10.    The government is free to recommend whatever sentence it deems appropriate.

11.    The defendant will request that the court exercise its discretion, pursuant to *United States v. Booker*, 125 S.Ct. 738 (2005), to impose a sentence below the applicable Guideline range. The government will oppose defendant's request for a downward variance.

12.     Regarding restitution, the parties acknowledge that the total amount of restitution owed to Motorola is $859,369.17, minus any credit for funds repaid prior to sentencing, and that pursuant to Title 18, United States Code, § 3663A, the Court must order defendant to make full restitution in the amount outstanding at the time of sentencing. Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing.

13.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a check or money order payable to the Clerk of the U.S. District Court.

## Forfeiture

14.     The information charges that defendant is liable to the United States for approximately $859,369.17, which funds are subject to forfeiture because those funds constitute proceeds of the violation alleged in the information. Further, defendant has subjected real and personal property to forfeiture, namely a 2004 Harley Davidson Sportster motorcycle bearing vehicle identification number 1HD1CGP104K31451, because that property constitutes proceeds of the violation alleged in the information. By entry of a guilty plea to the information, defendant acknowledges that the property identified above is subject to forfeiture.

15.     Defendant agrees to the entry of a forfeiture judgment in the amount of $859,369.17, and against the property identified above, in that this property is subject to forfeiture. Prior to sentencing, defendant agrees to the entry of a preliminary order of

forfeiture relinquishing any right of ownership she has in the above-described funds and property and further agrees to the seizure of these funds and property so that these funds and property may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest in, or claim to, the property subject to forfeiture and will cooperate with the United States during the ancillary stages of any forfeiture proceedings to defeat the claim of a third-party in the event a third party files a claim.

16. Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

### Presentence Investigation Report/Post-Sentence Supervision

17. Defendant understands that the United States Attorney's Office in its submission to the Probation Department as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against her, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

18. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of her financial circumstances, including her recent income tax returns as specified

by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of her sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

19. For the purpose of monitoring defendant's compliance with her obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the United States Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

20. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 07 CR 50052.

21.     This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement. Defendant understands that nothing in this Plea Agreement shall limit the Internal Revenue Service (IRS) in its collection of any taxes, interest or penalties from defendant.

## Waiver of Rights

22.     Defendant understands that by pleading guilty she surrenders certain rights, including the following:

a.     **Right to be charged by indictment.** Defendant understands that she has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives her right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that she has been prosecuted by way of information.

**b.     Trial rights.** Defendant has the right to plead not guilty and to persist in a plea of not guilty to the charges against her, and if she does, she would have the right to a public and speedy trial.

i.      The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and her attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

      v.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them.

      vi.      At a trial, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

      vii.      At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

      c.      **Appellate rights.** Defendant further understands she is waiving all appellate issues that might have been available if she had exercised her right to trial, and may only appeal the validity of this plea of guilty or sentence. Defendant understands that any appeal must be filed within 10 calendar days of the entry of the judgment of conviction.

      d.      Defendant understands that by pleading guilty she is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights.

23.      By entering this plea of guilty, defendant also waives any and all right the defendant may have, pursuant to 18 U.S.C. §3600, to require DNA testing of any physical

evidence in the possession of the Government. Defendant fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Other Terms

24.   Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

25.   Defendant understands that the government has the right to seek defendant's truthful testimony before a grand jury or a district court.

### Conclusion

26.   Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

27.   Defendant understands that her compliance with each part of this Plea Agreement extends throughout the period of her sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event she violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant

breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

28. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

29. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

30. Defendant acknowledges that she has read this Plea Agreement and carefully reviewed each provision with her attorney. Defendant further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 10/20/07

PATRICK J. FITZGERALD
United States Attorney

BETHANN R. GILROY
Defendant

JOSEPH C. PEDERSEN
Assistant U.S. Attorney
308 W. State Street - Room 300
Rockford, Illinois 61101
815-987-4444

BRADLEY SCHREIBER
Attorney for Defendant
One Court Place - Suite 301
Rockford, Illinois 61101
815-985-7000

No.___07 CR 50052___

**UNITED STATES DISTRICT COURT**
for the
**NORTHERN DISTRICT OF ILLINOIS**
Western Division

UNITED STATES OF AMERICA

V

BETHANN R. GILROY

PLEA AGREEMENT

Office of
UNITED STATES ATTORNEY
308 West State Street-Room 300
Rockford, Illinois 61101

815-987-4444