UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  07 CR 50052 |
| | ) | Judge Frederick J. Kapala |
| BETHANN R. GILROY | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION AND
MEMORANDUM IN SUPPORT OF VAIRANCE**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD,
United States Attorney for the Northern District of Illinois, respectfully submits
the following response to defendant's memorandum on sentencing:

**I.  DISCUSSION**

Defendant pleaded guilty pursuant to a plea agreement to mail fraud, in
violation of 18 U.S.C. § 1341, as charged in the information.  Presentence
Report[1] at lines 3-35.  In defendant's sentencing memorandum she asserts that
the factors in 18 U.S.C. § 3553(a) warrant a sentence of probation.  M.1-5.
Defendant does not challenge the Guidelines range set forth in the PSR of 33-41
months of imprisonment.  M.1-2.

---

[1]All citations to the Pre-Sentence Investigation Report are denoted "PSR" and followed
by the applicable line numbers.  All citations to defendant's memorandum are denoted "M." and
followed by the applicable page numbers.

Section 3553(a) requires the court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing.[2]  In order to determine the "particular" sentence to impose, the court must consider the familiar statutory factors listed in § 3553(a)(1)-(7).  One of those factors is the advisory range set by the Sentencing Guidelines, and another is the Commission's policy statements.  § 3553(a)(4), (a)(5).  Although the Sentencing Guidelines are advisory only, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  *Gall v. United States*, — U.S. — , 2007 WL 4292116, at *7 (Dec. 10, 2007).  For two reasons, this court should give serious consideration to the advisory Guidelines range.

First, the Sentencing Guidelines are the *sole* factor in § 3553(a) that provides any objective sentencing range that can practicably promote the overall goal of minimizing unwarranted sentencing disparities, which is itself a statutorily-mandated factor, § 3553(a)(6).  *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005) ("The Guidelines remain an essential tool in

---

[2]Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  § 3553(a)(2)(A)-(D).

creating a fair and uniform sentencing regime across the country."); *see also Booker v. United States*, 543 U.S. 220, 250 (2005) ("Congress' basic statutory goal – a system that diminishes sentencing disparity"); *id.* at 253 ("Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased uniformity"); *id.* at 267 (rejecting other remedial alternatives because they were inconsistent with the "basic objective of promoting uniformity in sentencing"). The Supreme Court created the advisory system to "continue to move sentencing in Congress' preferred direction, helping to avoid excessive sentencing disparities while maintaining flexibility sufficient to individual sentences where necessary." *Booker*, 543 U.S. at 264-65. The only way to prevent widespread unwarranted disparities is to give serious consideration to the Guidelines.

Second, the Guidelines generally deserve serious consideration because they are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 2007 WL 4292116, at *6. It is true that there is no "presumption" that a Guidelines sentence is the "correct" sentence, *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007),[3] and that there is "broad" sentencing discretion post-*Booker*.

---

[3]Although the Seventh Circuit has held that Guidelines 'departures' are no longer relevant after *Booker*, it is true that the Supreme Court referred multiple times to 'departures' from the Guidelines, as a category distinct from § 3553(a) variances, in *Rita v. United States*,

*United States v. Demaree*, 459 F.3d 791, 794-95 (7th Cir. 2006). However, the Commission is "a respected public body with access to the best knowledge and practices of penology; its judgments should not lightly be disregarded." *United States v. Wachowiak*, 496 F.3d 744, 753 (7th Cir. 2007) (internal quotation and citation omitted). Furthermore, the Commission is charged by statute to periodically review and revise the Guidelines as the Commission collects comments and data from numerous sources in the criminal justice system, 28 U.S.C. § 994(o), and these ongoing efforts to refine the Guidelines are another reason to seriously consider the advisory range.

In the event that this court exercises its discretion to sentence outside the advisory range, there are guideposts for evaluating what the extent of the deviation should be and when a non-Guidelines sentence will be deemed unreasonable on appeal. These guideposts are set forth in Supreme Court and Seventh Circuit cases.

First, the Supreme Court instructs that it is "clear that a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient

---

127 S. Ct. 2456, 2461, 2465, 2468 (2007). However, even after *Rita*, the Seventh Circuit has continued to express the view that departures are obsolete. *United States v. Dale*, 498 F.3d 604, 611 n.6 (7th Cir. 2007).

justifications." *Gall*, 2007 WL 4292116, at *6. The degree of the deviation from

the advisory Guidelines range is relevant in choosing the particular sentence:

> If [the judge] decides that an outside-Guidelines sentence is warranted, he
> must consider the extent of the deviation and ensure that the justification
> is sufficiently compelling to support the degree of the variance. We find it
> uncontroversial that a major departure should be supported by a more
> significant justification than a minor one.

*Id.* at *7. In *Gall*, the Supreme Court affirmed a sentence of probation in an

Ecstasy conspiracy case where the low-end of the range was 30 months of

imprisonment. Although the Court acknowledged the qualitative difference

between probation and a sentence of imprisonment, the defendant presented

extensive mitigating facts: his only role in the crime was to deliver drugs to other

co-conspirators; he had voluntarily stopped distributing drugs "after deciding,

on his own initiative, to change his life," which distinguished him from the "vast

majority of defendants convicted of conspiracy"; after withdrawing from the drug

conspiracy, he graduated from college and obtained steady employment; when

confronted by law enforcement agents, he fully confessed to the crime; when

indicted, he moved back to the district in which he was charged and started his

own successful business; and he proffered a "small flood" of letters praising his

character and work ethic. *Id.* at *3-4, 10.

In contrast to the significant and uniquely-personal mitigating facts in

*Gall*, the Seventh Circuit warns that major deviations from the advisory range

5

are more likely to be unreasonable if the grounds for the deviation are "overstated mitigating factors" or "normal incidents" of the offense. *Wachowiak*, 496 F.3d at 754. Similarly, the Seventh Circuit admonishes that sentences relying on "common" factors, rather than "particularized" ones, to justify variances are less likely to be substantively reasonable. *Id.* at 750. To be sure, these are only guides and not bright-line rules for assessing reasonableness, but they are helpful in preventing excessive sentencing disparities.

As the government explains below, a sentence within the advisory range is appropriate in this case because the § 3553(a) factors weigh in favor of such a sentence. These factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the seriousness of the offense; (4) the sentence necessary to promote respect for the law; (5) the sentence necessary to provide just punishment for the offense; (6) the sentence that would provide adequate deterrence; (7) the sentence needed to provide defendant with needed educational training, medical care, etc.; (8) the need to avoid unwarranted sentencing disparities among defendants with similar records who've been found guilty of the same offense(s); and (9) the sentencing guidelines range. 18 U.S.C. § 3553(a); *Rodriguez-Alvarez,* 425 F.3d 1041,1045 (7th Cir. 2005).

Defendant requests a variance from the Sentencing Guidelines range based on her lack of a criminal record, her health, the nature and circumstances of the offense including the fact that the offense was non-violent, and that a sentence of imprisonment is not necessary to promote respect for the law. Defendant also argues that a sentence of probation will advance the public interest in providing restitution to the victim.  However, as explained below, a sentence below the Guidelines range is not warranted in this case.

Defendant's lack of criminal history does not warrant a variance, as many other offenders who commit crimes involving embezzlement from their employer crimes as embezzlement from a bank have little or no criminal history. *Wachowiak*, 2007 WL 2189561 at *10.   In addition, such crimes are inherently non-violent and that fact has been taken into account in computing the Guidelines range.   As to defendant's history of medical and mental health problems do not warrant a sentence outside the Guidelines range. As to the medical problems, there was nothing remarkable about the surgery defendant underwent.  Defendant was last admitted to the hospital for her  mental health problems two years prior to the commencement of the offense in this case. Because defendant stole a substantial amount of money as a result of her scheme to defraud Motorola, a sentence of imprisonment is necessary to promote respect for the law.  Finally, a sentence of probation is warranted to simply to allow

7

defendant to pay restitution.  According to the presentence report, defendant withdrew $38,540 from her Motorola 401(k) account in 2006.  PSR at lines 409-413.  None of those funds were used to repay Motorola.  Furthermore, defendant has made no restitution payments to Motorola during the time she has been released pending sentencing.

A district court judge's decision as what sentence to impose is guided by the factors listed in § 3553(a) which includes considering the applicable Sentencing Guidelines range.  Defendant has not cited any other factors under § 3553(a) that warrant a sentence below the Guidelines range.  Defendant's request for a variance fails to demonstrate that considering the relevant 3553(a) factors, a sentence outside the applicable Guidelines range is warranted and therefore, her request should be denied.

## II.  CONCLUSION

For the reasons set forth above, the United States respectfully requests that this court deny defendant's request for a sentencing variance.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:   /s Joseph C. Pedersen
JOSEPH C. PEDERSEN
Assistant United States Attorney
308 W. State Street -- Room 300
Rockford, IL 61101
(815) 987-4444

8

## CERTIFICATE OF FILING AND SERVICE

I, JOSEPH C. PEDERSEN, certify that on February 6, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

## UNITED STATES' RESPONSE TO DEFENDANT EDWARD HICKEY'S SENTENCING MEMORANDUM

were served pursuant to the district court's ECF system as to ECF filers, including Attorney Bradley Schreiber, Esq., and were hand-delivered on February 6, 2008, to the following non-ECF filers:

> Tori Powell
> United States Probation Officer
> United States Probation Office
> Northern District of Illinois
> 211 South Court Street, Room 114-B
> Rockford, Illinois 61101
> Fax: (815)987-4362


> _____/s Joseph C. Pedersen_____
> JOSEPH C. PEDERSEN
> Assistant United States Attorney
> 308 West State Street - Room 300
> Rockford, Illinois 61101
> 815-987-4444