**F I L E D**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

MAY 2 8 2008

FREDERICK J. KAPALA
U.S. DISTRICT COURT JUDGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 50052 |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| BETHANN R. GILROY | ) | |

## FINAL ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States Attorney for entry of a final order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c) and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On November 2, 2007, an information was filed charging defendant BETHANN R. GILROY with mail fraud pursuant to the provisions of 18 U.S.C. § 1341;

(b) The information sought forfeiture to the United States of certain property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(D)(v) and 28 U.S.C. § 2461(c). The parties agree that this forfeiture statute was charged in error and that the correct forfeiture provisions are included under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The property identified in the forfeiture allegation of the information as subject to forfeiture includes, but is not limited to, one 2004 Harley Davidson Sportster motorcycle bearing vehicle identification number 1HD1CGP104K31451 ("2004 Harley Davidson");

(c) On November 16, 2007, pursuant to Fed. R. Crim. P. 11, defendant BETHANN R. GILROY entered a voluntary plea of guilty to the information, charging her with a violation of 18 U.S.C. § 1341, thereby making certain property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

(d) Pursuant to the terms of the plea agreement and as a result of her violation of 18 U.S.C. § 1341, defendant BETHANN R. GILROY agreed that funds in the amount of approximately $859,369.17 and the 2004 Harley Davidson are subject to forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), as property which constitutes proceeds of the violation alleged in the information;

(e) Defendant BETHANN R. GILROY further agreed to relinquish any right of ownership she has in the above-described funds and property and further agreed to the entry of a preliminary order of forfeiture as to the foregoing funds and property, pursuant to 18 U.S.C. § 981(a)(1)(C), prior to the time of sentencing, forfeiting all right, title, and interest she has in the funds and property, for disposition according to law;

(f) On February 7, 2008, this Court entered a preliminary order of forfeiture forfeiting all right, title, and interest of defendant BETHANN R. GILROY in the $859,369.17 judgment and the 2004 Harley Davidson for disposition according to law. The Court directed the United States Marshals Service, pursuant to 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), to seize and take custody of the foregoing property for disposition as the Attorney General may direct. Further, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States was ordered to publish notice of its intention to dispose of the foregoing property;

(g) Also on February 7, 2008, this Court entered a judgment against defendant BETHANN R. GILROY. As part of the defendant's sentence, as detailed in the judgment, this Court ordered restitution in the amount of $859,369.17, to be paid by the defendant to Motorola;

(h) Pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), once a week for three consecutive weeks beginning on March 7, 2008 and ending on

March 21, 2008, the *Rockford Register Star* published notice of the United States' intention to dispose of the foregoing property as it pertains to defendant BETHANN R. GILROY. Additionally, notice of criminal forfeiture proceeding was posted on an official government internet site for at least 30 consecutive days beginning on March 6, 2008;

(i)  Bradley John Schreiber, as attorney for defendant BETHANN R. GILROY, was duly served with copies of the Notice of Forfeiture and the Preliminary Order of Forfeiture. Pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), no other parties are known to have an interest in the property and accordingly, no other parties were personally served with a copy of the notice of publication and preliminary order of forfeiture;

(j)  To date, no petitions have been filed requesting a hearing to adjudicate any interest in the foregoing property, and the time in which to do so has expired.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.  That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, all right, title, and interest of defendant BETHANN R. GILROY and any third party in one 2004 Harley Davidson Sportster motorcycle bearing vehicle identification number 1HD1CGP104K31451 ("2004 Harley Davidson") is hereby forfeit to the United States of America for disposition according to law. It is further ordered,

2.  That, pursuant to the provisions of 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following entry of this order, the United States shall have clear title to the foregoing property and shall dispose of it according to law. It is further ordered,

3.  That, the net proceeds from the sale of the 2004 Harley Davidson, after the deduction of certain costs incurred by the United States Marshals Service, shall be credited toward the forfeiture judgment entered against defendant BETHANN R. GILROY. It is further ordered,

4. That, any funds received in satisfaction of the forfeiture judgment will be credited to the restitution judgment entered by the Court. It is further ordered,

5. That, upon entry of the final order of forfeiture, matters relating to the restoration of forfeited property to the victim in this case will then be addressed by the Attorney General, pursuant to the provisions of 21 U.S.C. § 853(i)(1), as incorporated by 28 U.S.C. § 2461(c). It is further ordered,

6. That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

FREDERICK J. KAPALA
United States District Judge

DATED: 5-28-08